# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ANTE GOTOVINA | ) | |
|   Srebrnjak 69 | ) | |
|   10000 Zagreb | ) | |
|   Croatia | ) | |
|                      *Plaintiff,* | ) | |
| | ) | |
|       v. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF TREASURY, | ) | Case No. _____ |
| OFFICE OF FOREIGN ASSETS CONTROL, | ) | |
|   U.S. Department of Treasury | ) | |
|   Treasury Annex | ) | |
|   1500 Pennsylvania Avenue NW | ) | |
|   Washington, DC 20220 | ) | |
|     and | ) | |
| | ) | |
| ADAM J. SZUBIN, | ) | |
|  in his official capacity as Director of the Office of | ) | |
|  Foreign Assets Control | ) | |
|   U.S. Department of Treasury | ) | |
|   Treasury Annex | ) | |
|   1500 Pennsylvania Avenue NW | ) | |
|   Washington, DC 20220 | ) | |
|     and | ) | |
| | ) | |
| THE HONORABLE JACOB J. LEW, | ) | |
|  in his official capacity as Secretary of the Department | ) | |
|  of Treasury | ) | |
|   U.S. Department of Treasury | ) | |
|   1500 Pennsylvania Avenue NW | ) | |
|   Washington, DC 20220 | ) | |
|                    *Defendants.* | ) | |

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF
## IN THE NATURE OF MANDAMUS

Petitioner Ante Gotovina ("Petitioner" or "Gotovina"), by and through his undersigned

counsel, pursuant to 5 U.S.C. §§ 555(e) and 706, hereby files this Complaint and petitions this

Court to issue Declaratory Judgment, or, alternatively, a Writ of Mandamus compelling the

United States Department of Treasury, Office of Foreign Assets Control ("OFAC"), OFAC

Director Adam J. Szubin, and Secretary of the Treasury Jacob J. "Jack" Lew to remove Gotovina

from the Specially Designated Nationals List ("SDN List").  As explained herein, Gotovina's

continued status as a Specially Designated National, which subjects him to economic sanctions,

is unlawful and has caused and continues to cause him severe harm.

## PARTIES

1.      Petitioner Ante Gotovina is a foreign national residing in the Republic of Croatia.

Gotovina is a retired Lieutenant General in the Army of the Republic of Croatia.  He was

indicted, but subsequently acquitted, for war crimes by the International Criminal Tribunal for

the Former Yugoslavia ("ICTY").

2.      The Office of Foreign Assets Control is a federal agency within the United States

Department of Treasury, located at 1500 Pennsylvania Avenue NW, Washington, DC 20220.

OFAC is responsible for administering and enforcing economic and trade sanctions against

targeted foreign countries and regimes, terrorists, international narcotics traffickers, those

engaged in activities related to the proliferation of weapons of mass destruction, and other

threats to the national security, foreign policy or economy of the United States.  One such

mechanism for accomplishing this task is through the SDN List, which OFAC maintains.  *See* 31

C.F.R. Part 588.

3.      Mr. Adam J. Szubin is the Director of OFAC.  He is being sued in his official

capacity.

4.      The Honorable Jacob J. "Jack" Lew is the Secretary of Treasury of the United

States.  He is being sued in his official capacity.

## JURISDICTION AND VENUE

5.     The Court has jurisdiction over this action pursuant to the Mandamus Act, 28

U.S.C. § 1361, the Declaratory Judgment Act, 28 U.S.C. §§ 2201(a), 2202, and the

Administrative Procedure Act, 5 U.S.C. § 706(1).  The Court has jurisdiction over the subject

matter of claims pursuant to 28 U.S.C. § 1331.

6.     Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(b) and

(e).

## BACKGROUND AND FACTS

7.     Gotovina is a retired Lieutenant General in the Army of the Republic of Croatia.

From October 9, 1992 until March 1996, Gotovina was Commander of the Split Military District

in Croatia.  In that role, he served as overall operational commander for Operation Storm, a

military offensive undertaken on August 4, 1995, with the objective of re-taking the Krajina

region of Croatia, which had unilaterally declared itself independent as the self-proclaimed

Republic of Serb Krajina.  On August 7, 1995, the Croatian government announced that the

operation had been successfully completed.

8.     On August 21, 2001, as subsequently amended and confirmed on March 12, 2008,

the ICTY indicted Gotovina for war crimes, alleging that he, acting individually and as part of a

joint criminal enterprise, "planned, instigated, ordered, committed or otherwise aided and abetted

in the planning, preparation or executive of the crimes charged" by ICTY in the course of and

after Operation Storm.  *Prosecutor v. Gotovina et al*, Case No. IT-06-90-T, Corrected

Corrigendum to Prosecution's Notice of Filing of Amended Joinder Indictment, ¶ 36

(International Criminal Tribunal for the Former Yugoslavia, Trial Chamber Mar. 12, 2008),

*available at* http://www.icty.org/x/cases/gotovina/ind/en/got-coramdjoind080312e.pdf.  The

ICTY was established by the United Nations Security Council to determine the guilt or

innocence of those accused of war crimes during the conflicts in the western Balkans during the

1990s.  S.C. Res. 827, ¶ 2, U.N. Doc. S/RES/827 (May 25, 1993), *available at*

http://www.icty.org/x/file/Legal%20Library/Statute/statute_827_1993_en.pdf.

9.      The United States government is a party to the ICTY process created by the

Security Council of the United Nations.  The United States has undertaken certain obligations to

facilitate the work of the ICTY.  *See, e.g., Agreement on Surrender of Persons between the*

*Government of the United States and the Tribunal*, U.S.-I.C.T.Y., Oct. 5, 1994, T.I.A.S. 12570;

1911 U.N.T.S. 223, *available at*

http://global.oup.com/uk/orc/law/criminal/casseseicl3e/resources/cases/ch16/casseseicl3e_usa_ic

ty.pdf (recognizing that the United States assumed certain binding commitments with respect to

the ICTY under United Nations Security Council Resolution 827).  The ICTY Statute, Article

29, which was adopted by Security Council Resolution 827, requires the United States to give

effect to the ICTY judicial process.

10.      Although he was initially convicted by the ICTY Trial Chamber, the Appeals

Chamber of the ICTY acquitted Gotovina of all charges on November 16, 2012.[1]  *Prosecutor v.*

*Gotovina*, Case No. IT-06-90-A, Judgment, ¶ 98 (International Criminal Tribunal for the Former

Yugoslavia, Appeals Chamber Nov. 16, 2012), *available at*

http://www.icty.org/x/cases/gotovina/acjug/en/121116_judgement.pdf.  In reversing the verdict

of the Trial Chamber, the Appeals Chamber concluded that the Trial Chamber had adopted a

legal standard that was not linked to any evidence it received such that "no reasonable trier of

---

[1] A copy of the Judgment is attached hereto as Exhibit A.

fact could conclude beyond a reasonable doubt" that Gotovina was guilty of the crimes alleged.
*Id.* at ¶ 83.  After reviewing all the grounds upon which the Trial Chamber based its conviction,
the Appeals Chamber reversed the Trial Chamber on all grounds and acquitted Gotovina of all
charges.  The November 16, 2012 judgment by the Appeals Chamber was a final judgment.  The
Prosecutor did not seek further review, so that the decision is a final action by ICTY.  Thus,
Gotovina was no longer under indictment by ICTY as of November 16, 2012.  Following the
ruling, he was released from prison and returned to Croatia.

11.     Immediately following Gotovina's acquittal, the United States Department of
State stated that it "note[d] the judgment of the Appeals Chamber of the International Criminal
Tribunal for the Former Yugoslavia.  We fully support ICTY and we accept its ruling."  State
Department Daily Press Briefing (Nov. 16, 2012), *available at*

http://translations.state.gov/st/english/texttrans/2012/11/20121116138804.html#axzz2pMHOQG
vS.

12.     The Western Balkans Stabilization regulations were created on June 26, 2001,
when then-President George W. Bush issued Executive Order 13219, which established a regime
of economic sanctions against those "persons engaged in, or assisting, sponsoring, or
supporting" epidemic violence in the western Balkans.  66 Fed. Reg. 34777.  This Executive
Order led to the enactment of the Western Balkans Stabilization Regulations contained at 31
C.F.R. Part 588.

13.     On May 28, 2003, President Bush issued Executive Order 13304, which, among
other effects, amended Executive Order 13219 to continue prohibitions with respect to the

former Yugoslavia's successor states.[2]  Appended to Executive Order 13304 was an annex

listing names of SDNs.  Executive Order 13304 and 31 C.F.R. § 588.201 prohibit transactions

with anyone listed in the annex or "under open indictment by the International Criminal Tribunal

for the former Yugoslavia . . . ."  In the annex, for the first time, Gotovina was identified as an

"ICTY indictee."  68 Fed. Reg. 32315, 32319.

14.     On July 1, 2008, OFAC published a complete list of the SDNs in the Federal

Register.  Gotovina was included on the list with a note that the basis of his inclusion under the

Western Balkans Stabilization Regulations was that he was an ICTY indictee.  *See* 73 Fed. Reg.

37536, 37581.

15.     On April 12, 2013, counsel for Gotovina submitted a written request to Adam J.

Szubin, Director of OFAC, pursuant to 31 C.F.R. § 501.807, requesting that Gotovina be

removed from the SDN List.[3]  The letter set forth the preceding facts and asked that Gotovina's

name be removed because he had been acquitted by the ICTY and was therefore no longer an

"ICTY indictee."  Additionally, the letter noted that a different former Commander of the armed

forces of Bosnia-Herzegovina was promptly delisted following his acquittal by the ICTY.  *See*

75 Fed. Reg. 36782.  Counsel for Gotovina indicated their willingness to meet in person to

discuss Gotovina's plight.  OFAC never replied to this written request.

16.     On August 1, 2013, counsel for Gotovina renewed its written request to Director

Szubin, pursuant to 31 C.F.R. § 501.807, seeking the removal of Gotovina's name from the SDN

List and providing additional legal grounds for the request.[4]  Counsel for Gotovina indicated

---

[2] A copy of Executive Order 13304, 68 Fed. Reg. 32315, is attached hereto as Exhibit B.
[3] A copy of this correspondence is attached hereto as Exhibit C.

[4] A copy of this correspondence is attached hereto as Exhibit D.

their willingness to meet with OFAC in person a second time. Again, OFAC never replied to this written request.

17. More than a year has passed since Gotovina's acquittal, but OFAC has still not removed him from the SDN List despite having no legal authority for continuing to list him.

18. Gotovina has suffered, and continues to experience, enormous economic harm by being able to access the global financial system because he has continued to be wrongly listed on the SDN List and is subject to the attendant economic sanctions. Even following his release from prison following his acquittal, Gotovina is consequently unable to make a livelihood for himself as he still cannot reach his assets or the international banking system.

**CAUSE OF ACTION – UNREASONBLE DELAY IN VIOLATION OF THE ADMINISTRATIVE PROCEDURE ACT SUFFICIENT TO WARRANT MANDAMUS**

19. Plaintiff Gotovina re-alleges and fully incorporates by reference the allegations contained in paragraphs 1-15 *supra*.

20. The condition precedent to Gotovina's inclusion on the SDN List – his indictment by the ICTY, *see* Executive Order 13304 at 68 Fed. Reg. 32315, 32319 – has been vitiated by his acquittal. Therefore, neither Executive Order 13304, nor any other reason, provides authority for Gotovina to be listed as a "blocked person" subject to the SDN List.

21. 31 C.F.R. § 501.807 provides that a "blocked person" includes a "person blocked under the provisions of any part of this chapter, including a specially designated national . . . ." That same provision permits a blocked person to seek administrative reconsideration of his designation and removal from the SDN List subject to the procedures detailed therein. *See* 31 C.F.R. § 501.807(a)-(d). 31 C.F.R. § 501.807(d) states that OFAC "will provide a written decision to the blocked person" after the individual submits a request for reconsideration.

22.     The Administrative Procedure Act, 5 U.S.C. § 555(e), requires that prompt notice be given of the denial of a written application, petition, or other requested made by an interested person in an agency proceeding.  Further, 5 U.S.C. § 706 provides that a reviewing court "shall decide all relevant questions or law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action."  The court "shall compel agency action unlawfully withheld or unreasonably delayed."  *Id*. at § 706(1).

23.     A reviewing court may hold unlawful action that is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law," 5 U.S.C. § 706(2)(A), "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right," 5 U.S.C. § 706(2)(C), or "without observance of procedure required by law," U.S.C. § 706(2)(D).  "Agency action" includes "failure to act."  U.S.C. § 551(13).  An administrative agency may not subject its regulatees to unreasonable delay in the performance of its responsibilities.  *Telecomm. Research & Action Ctr. v. FCC*, 750 F.2d 70 (D.C. Cir. 1984).  This Court should recognize that "delays that might be reasonable in the sphere of economic regulation are less tolerable when human health and welfare are at stake . . . ."  *Id*. at 80.

24.     OFAC has violated, and continues to violate, 5 U.S.C. §§ 555 and 706 by unreasonably delaying the removal of Gotovina from the SDN List, and by unreasonably delaying a written response to Gotovina's request that he be removed from the SDN List.  OFAC has provided no explanation for the delay and failure to undertake an action or issue a decision reaching that result.

25.     Mandamus is an appropriate remedy whenever an applicant demonstrates a clear right to have a government official perform his or her duty.  The Western Balkan Stabilization Regulations, 31 C.F.R. Part 588, read in conjunction with the general regulations applicable to

the entire sanctions regime, 31 C.F.R. § 501.807, clearly require OFAC to process Gotovina's request that he be removed from the SDN List.  OFAC has already demonstrated that it has no intention even to respond to Gotovina's inquiries.  Because OFAC could keep Gotovina in perpetual legal limbo by neither responding to him nor processing his request, Gotovina has "no other adequate means to attain the relief he desires." *Allied Chemical Corp. v. Daiflon, Inc.*, 449 U.S. 33, 35.  Thus, an order of mandamus directed to OFAC is appropriate in this case.

## PRAYER FOR RELIEF

WHEREFORE, Petitioner Ante Gotovina respectfully prays that this Court:

a.  Declare, pursuant to the Court's authority under 28 U.S.C. §§ 2201(a) and 2202, that the continued inclusion of Gotovina on the SDN List is unlawful;

b.  Issue a writ of mandamus ordering OFAC to remove Gotovina from the SDN List, as the original reason for his inclusion has been vitiated by his acquittal;

c.  Award Gotovina attorneys' fees and costs incurred in this action; and

d.  Award Gotovina other and further relief as this Court deems just and proper.

Respectfully submitted,

By:    /s/ Andrew Zimmitti

Stephen Díaz Gavin, DC Bar No. 440458
Andrew Zimmitti, DC Bar No. 464091
PATTON BOGGS LLP
2550 M Street, NW
Washington, DC 20037
Telephone (202) 457-6171 (AZ)
Fax (202) 457-6482